# EXHIBIT A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **TOSHIA RIVERS,**<br>**Plaintiff**<br>**vs.**<br>WAL-MART STORES EAST, LP (DELAWARE); ABC CORPS #1-3; AND JOHN DOES #1-3<br>**Defendants.** | **CASE ACTION FILE NO.:** 23A01805<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

Plaintiff TOSHIA RIVERS ("Plaintiff") sues Defendants and alleges:

Parties, Jurisdiction, & Venue

1. Plaintiff is a Georgia resident.

2. Defendant WAL-MART STORES EAST, LP ("Defendant") is a foreign limited partnership, with a registered agent for service of process, THE CORPORATION COMPANY, located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040 in Forsyth County. Service of process can be perfected upon Defendant at that address.

3. Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Dekalb County and Defendant has an office and transacts business in Dekalb County.

4. Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence

STATE COURT OF
DEKALB COUNTY, GA.
4/25/2023 3:32 PM
E-FILED
BY: Monica Gay

that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5. Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant's business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 4375 Lawrenceville Hwy, Tucker, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by WAL-MART STORES EAST, LP. When Defendant JOHN DOE #1 is identified by WAL-MART STORES EAST, LP, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6. Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of WAL-MART STORES EAST, LP's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

<u>Facts Common to Counts I & II</u>

7. At all material times, Defendants owned, managed, operated or otherwise provided services for a business open to the public and located at 4375 Lawrenceville Hwy, Tucker, GA (the "Premises").

8. On or about January 8, 2023, Plaintiff was lawfully on the Premises as an invitee when Plaintiff was injured (the "Incident") when Defendant negligently allowed an overhead door to fall on to Plaintiff.

9. Defendants negligently caused the Incident and Plaintiff's injuries.

10. At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

11. As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

**Count I: Active Negligence**

13. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

14. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, the Incident and similar risks were reasonably foreseeable.

15. Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of the Incident and similar risks and resulting injuries.

16. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

17. Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

18. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect Plaintiff from foreseeable risks of harm.

19. While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by the Incident and similar risks;

(ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by the Incident and similar risks;

(iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

(iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents and/or

representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of the Incident and similar risks and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

20. Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created the Incident and similar risks and caused Plaintiff to suffer injuries.

21. Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

22. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

23. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

**Count II: Premises Liability**

24. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

25. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26. At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27. Defendants' duty of care included:

a. Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a hazard such as the Incident and similar risks;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises such as the one described in the Incident that posed a hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including the hazards described in the Incident, to enable invitees to avoid harm.

28. At all material times, Plaintiff was Defendant's invitee.

29. The dangerous condition that caused Plaintiff injuries during the Incident existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

30. Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

31. Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

32. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff was injured in the Incident.

33. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial;

f. That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g. That this Honorable Court order such other and further relief as the Court deems just and proper.

This 20th day of April, 2023.

Respectfully Submitted,

*/s/Michael Johnson*

Michael A. Johnson, Esq.
Georgia Bar Number 679391
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile: (404) 757-8727

STATE COURT OF
DEKALB COUNTY, GA.
4/25/2023 3:32 PM
E-FILED
BY: Monica Gay